[Cite as *Watkins v. Equifax Information Servs., L.L.C.*, 2026-Ohio-2802.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| MARY WATKINS, | : | APPEAL NO. | C-250603 |
| | | TRIAL NO. | 25CV26735 |
| Plaintiff-Appellant, | : | | |
| vs. | : | *JUDGMENT ENTRY* | |
| EQUIFAX INFORMATION SERVICES, LLC, | : | | |
| | : | | |
| Defendant-Appellee. | : | | |
| | : | | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 7/22/2026 per order of the court.**

By:_____
        **Administrative Judge**

[Cite as *Watkins v. Equifax Information Servs., L.L.C.*, 2026-Ohio-2802.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

MARY WATKINS,

    Plaintiff-Appellant,

  vs.

EQUIFAX INFORMATION SERVICES, LLC,

    Defendant-Appellee.

:     APPEAL NO.   C-250603
      TRIAL NO.    25CV26735

:

:     *O P I N I O N*

:

:

:

:

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: July 22, 2026

*Mary Watkins*, pro se,

*Carpenter Lipps, LLP*, *David A. Wallace* and *Tyler K. Ibom*, for Defendant-Appellee.

**MOORE, Judge.**

{¶1} Plaintiff-appellant Mary Watkins appeals from the Hamilton County Municipal Court's judgment granting defendant-appellee Equifax Information Services, LLC's, motion to dismiss Watkins's complaint. For the reasons set forth below, the judgment of the court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶2} On September 7, 2025, Watkins filed her complaint. She alleged that while she was applying for a loan to purchase a car, she retrieved her consumer credit report from Equifax. The report listed that she had 15 outstanding accounts that were negatively affecting her credit. The report listed specific information about each account, including the name of the lender, and the last four digits of the account number.

{¶3} Watkins took issue with Equifax not disclosing the complete account numbers and with Equifax not including original creditor's information for each account. She claimed that this partial disclosure prevented her from being able to authenticate the information based on her own records, and that this in turn hampered her ability to dispute the information in the report, causing her to suffer confusion, frustration, and anxiety. Watkins set forth a claim under 15 U.S.C. 1681g(a)(1), and alleged that Equifax violated the Fair Credit Reporting Act.

{¶4} Equifax filed a motion to dismiss under Civ.R. 12(B)(6), and the court granted Equifax's motion. This appeal followed.

## II. Analysis

{¶5} Watkins's two assignments of error take issue with the court's dismissal of her complaint. She argues that her complaint "plausibly" alleged violations of 15

U.S.C. 1681g(a)(1), and therefore, the court's dismissal was erroneous. We address these assignments of error together.

### A. Civ.R. 16(B)(6)

**{¶6}** We review a court's ruling on a Civ.R. 12(B)(6) motion de novo. *Fox Consulting Group, Inc. v. Mailing Servs. of Pittsburgh, Inc.*, 2022-Ohio-1215, ¶ 7 (1st Dist.). A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint. *Id.* at ¶ 6, citing *Thomas v. Othman*, 2017-Ohio-8449, ¶ 18 (1st Dist.). A court deciding a Civ.R. 12(B)(6) motion "must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* Dismissal is only appropriate where it appears, beyond doubt, that the plaintiff cannot prove a set of facts that would entitle them to recover. *Id.*, citing *Thomas* at ¶ 19.

**{¶7}** 15 U.S.C. 1681g provides in relevant part:

(a) Information on file; sources; report recipients.

Every consumer reporting agency shall, upon request, . . . clearly and accurately disclose to the consumer:

(1) All information in the consumer's file at the time of the request . . .

**{¶8}** A case like the instant appeal with a similar procedural posture was decided by the United States District Court for the Southern District of Ohio. In *Watkins v. Equifax Information Servs., LLC,* 2025 U.S. Dist. LEXIS 267428 (S.D. Ohio Dec. 30, 2025), a similar action was filed against Equifax. The plaintiff alleged that Equifax, as a credit reporting agency, was obligated to disclose all information in her file, but that the shared report "omitted critical information such as full account numbers, complete payment histories, and other essential fields" from her credit report. *Id.* at *3 The plaintiff also claimed that Equifax shares credit reports with third

4

parties that contain full account numbers. *Id.* at *14.

**{¶9}** The court denied Equifax's motion to dismiss. The court adopted the Seventh Circuit Court of Appeals' definition for "file" as "information included in a consumer report." *Id.* at *11, citing *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909-910 (7th Cir., 2007). The court reasoned that for a plaintiff to assert an effective claim under 15 U.S.C. 1681g(a)(1), she must show the credit reporting agency failed to include information that the agency had shared in past reports, or that the agency had failed to include information it intended to include in future reports. *Watkins* at *11. This is in accord with 15 U.S.C. 1681g's purpose, which is "to enable consumers to obtain information in order to dispute any potential inaccuracies in the file so that inaccurate information is not sent to third parties." *Id.* at *12, quoting *Selvam v. Experian Information Solutions, Inc.*, 651 F.Appx. 29, 33 (2d Cir. 2016).

**{¶10}** The *Watkins* court determined that whether Equifax, as a credit reporting agency, had shared complete account numbers with third parties, or whether it intended to do so in the future constituted a question of fact. Because Watkins's complaint stated a "plausible" claim under 15 U.S.C. 1681g(a), the court denied Equifax's motion to dismiss. *Id.* at *14.

**{¶11}** The Southern District's opinion *Watkins* is instructive. Both the plaintiff in that case and in the case sub judice relied on whether Equifax shares complete account numbers in the credit reports it provides to third parties. *See Watkins*, 2025 U.S. Dist. LEXIS 267428, at *14. "If that allegation is not accurate – if in fact Equifax does not include the complete account numbers in reports it provides to third parties – this may be a short-lived case. But that is a question for summary judgment, not dismissal." *Id.*

**{¶12}** We find *Watkins* to be persuasive. We hold that the trial court erred in

granting Equifax's motion to dismiss. Accordingly, Watkins's two assignments of error are sustained.

### III. Conclusion

**{¶13}** We hold that the court erred in dismissing Watkins's complaint. The judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.